JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

CHARLES F. WATSON

**DEFENDANTS**

LOCKHEED MARTIN CORP.

**(b)** County of Residence of First Listed Plaintiff __Montgomery__
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant __Montgomery__
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Rahul Munshi, Esquire Console Mattiacci Law, LLC
1525 Locust Street, 9th Floor Philadelphia, PA 19102 (215) 545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government
  Plaintiff
- [X] 3  Federal Question
  *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government
  Defendant
- [ ] 4  Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [X] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §621, et seq. ("ADEA") ; 43 P.S. §951, et seq. ("PHRA").

Brief description of cause:
Age discrimination action in violation of ADEA and PHRA

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
in excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   [X] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
May 7, 2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| CHARLES F. WATSON | : | CIVIL ACTION |
| PLAINTIFF, | : | |
| v. | : | |
| LOCKHEED MARTIN CORP. | : | |
| | : | NO. |
| | : | |
| DEFENDANTS. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( X )

| | | |
|---|---|---|
| May 7, 2021 | | Plaintiff, Charles Watson |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 545- 7676 | (215) 827- 5101 | munshi@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ___Bridgeport, PA 19405_____

Address of Defendant: ___230 Mall Blvd. King of Prussia, PA 19406_____

Place of Accident, Incident or Transaction: ___230 Mall Blvd. King of Prussia, PA 19406_____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __May 7, 2021_____  _____  __037548_____

*Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☒ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Rahul Munshi, Esquire_____, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __May 7,2021_____  _____  __037548_____

*Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

|  |  |  |
|---|---|---|
| **CHARLES F. WATSON** | : | |
| **Bridgeport, PA 19405** | : | |
|  | : | |
| **Plaintiff,** | : | |
|  | : | **CIVIL ACTION NO.** |
| **v.** | : | |
|  | : | |
| **LOCKHEED MARTIN CORP.** | : | **JURY TRIAL DEMANDED** |
| **230 Mall Blvd.** | : | |
| **King of Prussia, PA 19406** | : | |
|  | : | |
| **Defendant.** | : | |

_____

## COMPLAINT

### I.  INTRODUCTION

Plaintiff, Charles F. Watson, brings this action against his former employer, Lockheed Martin Corporation ("Lockheed Martin" or "Defendant").  Plaintiff was a dedicated and loyal employee of Lockheed Martin for nearly thirty-three (33) years in total before Defendant terminated his employment in July 2019.  Prior to the termination, Defendant informed Plaintiff that his position – which he had been holding for around twenty (20) years – would be posted in connection with a reorganization at the company.  Despite successfully performing these same job duties for around twenty (20) years, Plaintiff was not chosen by Lockheed Martin to continue in his job.  Instead, Defendant placed a substantially-younger individual into this role.  Plaintiff was further passed-over by Lockheed Martin for other positions for which he was qualified, all of which were ultimately awarded to substantially-younger individuals.  Finally, Defendant terminated a disproportionate number of older workers – and retained a disproportionate number of younger workers – as part of the alleged reduction-in-force ("RIF") in connection with the reorganization.

1

Plaintiff was discriminated against because of his age in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621, *et seq*. ("ADEA") and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq*. ("PHRA"). Plaintiff seeks all damages, including economic loss, compensatory, and liquidated damages, and all other relief under applicable federal and state law as this Court deems appropriate.

## II.   PARTIES

1.   Plaintiff, Charles F. Watson, is an individual and citizen of the Commonwealth of Pennsylvania.

2.   Plaintiff was fifty-four (54) years old at the time of his termination of employment by Defendant in July 2019.

3.   Defendant Lockheed Martin is a Maryland corporation, headquartered in Bethesda, MD.  Defendant maintains a principal place of business in King of Prussia, PA.

4.   Defendant is engaged in an industry affecting interstate commerce and regularly does business in Pennsylvania.

5.   At all times material hereto, Defendant employed more than twenty (20) individuals.

6.   At all times material hereto, Defendant has acted as an "employer" within the meaning of the statutes which form the basis of this matter.

7.   At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the statutes which form the basis of this matter.

8.   At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's businesses.

### III.   <u>JURISDICTION AND VENUE</u>

9.     The causes of action which form the basis of this matter arise under the ADEA and the PHRA.

10.     The District Court has jurisdiction over Count I (ADEA) pursuant to 29 U.S.C. §626(c) and 28 U.S.C. §1331.

11.     The District Court has supplemental jurisdiction over Count II (PHRA) pursuant to 28 U.S.C. §1367.

12.     Venue is proper in the District Court under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within this District.

13.     On or about August 21, 2019, Plaintiff filed a Complaint of Discrimination with the Pennsylvania Human Relations Commission ("PHRC"), and dual-filed with the Equal Employment Opportunity Commission ("EEOC"), complaining of the acts of discrimination alleged herein.  Attached hereto, incorporated herein and marked as Exhibit 1 is a true and correct copy of the PHRC/EEOC Complaint of Discrimination.

14.     On or about March 3, 2021, the EEOC issued to Plaintiff a Notice of Right to Sue. Attached hereto, incorporated herein and marked as Exhibit 2 is a true and correct copy of that notice.

15.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

### IV.   <u>FACTUAL ALLEGATIONS</u>

16.     Plaintiff was born in September 1964.

17.     Plaintiff commenced employment with Defendant on or around July 21, 1986.

18.     In or around 2000, Plaintiff began holding the position of Office Planner Senior

(Level 3).

19.     Plaintiff's job duties included, but were not limited to, being responsible for space planning data inputs/updates, project support, field surveying, move coordination, customer requests, project management for small projects, and collaborating with all stakeholders.

20.     Plaintiff last reported to John Keevill (59[1]), Multi-Functional Facilities Manager.

21.     Plaintiff began reporting to Keevill in or around April 2018.

22.     Keevill reported directly to Megan Rogers (51), Senior Manager Northeast Facility Operations & Services.

23.     Neither Keevill nor Rogers played a role in hiring Plaintiff in 1986 or his promotion to Office Planner Senior (Level 3) in or around 2000.

24.     In a memorandum dated April 26, 2019, Rogers notified Plaintiff that his position would be posted as an "open" position as part of Defendant's organizational changes in the Northeast Space Planning business.

25.     Plaintiff was instructed to re-apply for his position, or other "open" positions, if he wanted to remain employed by Defendant.

26.     On or around May 7, 2019, Defendant did in fact post a Level 3 position that was nearly identical to Plaintiff's job.

27.     For example, this posted position was likewise responsible for space planning data inputs/updates, project support, field surveying, move coordination, customer requests, project management for small projects, and collaborating with stakeholders.

28.     Approximately one (1) week later, on or around May 13, 2019, Plaintiff applied for this "open" position that he had been performing for around twenty (20) years.

_____

[1] Ages contained herein are approximates.

29.     Plaintiff was qualified for this position.

30.     On that same date, Plaintiff also applied for the "open" Workplace Planner Staff (Level 4) position, which included similar responsibilities over space planning data ownership, field surveying, and move coordination, among others.

31.     Plaintiff was qualified for this position.

32.     On or around June 3, 2019, Plaintiff was interviewed for both "open" positions for which he had applied was qualified, by Keevill and Brett Krause (46), Project Management and Engineering Manager.

33.     On or around June 25, 2019, Plaintiff learned that he was not selected for the Level 3 Planner position that he had already held for around twenty (20) years, and instead Defendant awarded the position to Matthew Doorey (44).

34.     Plaintiff is substantially-older than Doorey.

35.     Plaintiff was more qualified and experienced than Doorey to perform this position.

36.     Defendant provided Plaintiff with no explanation, including the selection criteria, for why he was denied the Level 3 Planner position which he had held for around twenty (20) years, and why the position was instead awarded to a substantially-younger and less-experienced individual.

37.     On or around June 27, 2019, in a meeting with Keevill and Laura Novak (32), Human Resources Business Partner – Operations, Plaintiff was notified that he was not selected for either position for which he applied, and thus he would be terminated effective July 11, 2019.

38.     Defendant's stated reason for Plaintiff's termination was that there was a reduction-in-force.

39.     Regarding the Level 4 Workplace Planner Staff position, Plaintiff learned that Defendant selected an external candidate, Rosemary Pot (44), for the job.

40.     Plaintiff was more qualified and experienced to perform the position than Pot, who was substantially-younger than Plaintiff.

41.     Defendant did not provide Plaintiff with any explanation, including the selection criteria, for why he was denied the Level 4 Planner position, and why the position was instead awarded to a substantially-younger and less-experienced individual.

42.     On or around July 1, 2019, Plaintiff also applied for the open Property Administrator Senior position, for which he was qualified.

43.     Defendant did not respond to Plaintiff's application for this position.

44.     On or around July 2, 2019, Plaintiff filed an internal age discrimination complaint with Defendant's EEO department.

45.     Plaintiff did not receive information regarding an investigation into his claim, or any conclusion(s) reached, by Defendant.

46.     On July 11, 2019, Plaintiff's employment with Lockheed Martin was officially terminated.

47.     Lockheed Martin terminated Plaintiff's employment because of his age.

48.     In connection with Plaintiff's termination, Defendant provided to Plaintiff a list of employees pursuant to the Older Workers Benefit Protection Act ("OWBPA").

49.     Defendant violated the OWBPA by not providing to Plaintiff the required information under the ADEA, including, without limitation, information on the eligibility factors for the termination program and the time limits applicable to such program.

50.     According to the OWBPA listing provided to Plaintiff, Defendant retained at least

two (2) substantially-younger employees in positions for which Plaintiff was qualified: (1) in the position of Office Planner (Level 2), Defendant retained a thirty-four (34) year-old employee; and (2) in the position of Office Planner Senior (Level 3), Defendant retained a forty-four (44) year-old employee.

51.    Moreover, all eight (8) employees that Defendant terminated in the Decisional Unit, including Plaintiff, are above the age of fifty (50), and four (4) of them are age sixty (60) and above.

52.    The average age of all employees in Plaintiff's Decisional Unit that Defendant selected for termination was fifty-nine (59).

53.    In contrast, the average age of all employees in Plaintiff's Decisional Unit that Defendant did not select for termination was forty-six (46).

54.    Lockheed Martin's conduct evidenced a bias against older workers and a preference for younger employees.

55.    Plaintiff's age was a motivating and/or determinative factor in Defendant's discriminatory treatment of Plaintiff and in the termination of Plaintiff's employment.

56.    As a direct and proximate result of the discriminatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

57.    The conduct of Defendant, as set forth above, was willful and intentional.

## COUNT I (ADEA)

58.    Plaintiff incorporates herein by reference paragraphs 1 through 57 above, as if set forth herein in their entirety.

59.     By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated the ADEA.

60.     Said violations were willful and warrant the imposition of liquidated damages.

61.     As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

62.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

63.     No previous application has been made for the relief requested herein.

## COUNT II (PHRA)

64.     Plaintiff incorporates herein by reference paragraphs 1 through 63 above, as if set forth herein in their entirety.

65.     Defendant, by committing the foregoing acts of discrimination, has violated the PHRA.

66.     As a direct and proximate result of Defendant's violations of the PHRA, Plaintiff has sustained the injuries, damages and losses set forth herein.

67.     Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendant's discriminatory acts unless and until the Court grants the relief requested herein.

68.     No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff, Charles F. Watson, and against Defendant Lockheed Martin.  Plaintiff seeks damages

and legal and equitable relief in connection with Defendant's improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(b)     declaring the acts and practices complained of herein to be in violation of the ADEA;

(d)     declaring the acts and practices complained of herein to be in violation of the PHRA;

(e)     enjoining and permanently restraining the violations alleged herein;

(f)     entering judgment against Defendant in favor of Plaintiff in an amount to be determined;

(g)     awarding compensatory damages to Plaintiff to make Plaintiff whole for all past and future lost earnings, benefits and earnings capacity which Plaintiff has suffered and will continue to suffer as a result of Defendant's discriminatory and unlawful misconduct;

(h)     awarding compensatory damages to Plaintiff for past and future emotional upset, mental anguish, humiliation, loss of life's pleasures and pain and suffering, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(i)     awarding liquidated damages to Plaintiff under the ADEA;

(m)     awarding Plaintiff such other damages as are appropriate under the ADEA and the PHRA;

(n)     awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and,

(o)     granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE MATTIACCI LAW, LLC**

Dated: May 7, 2021                    By: _____

Rahul Munshi
1525 Locust Street, 9th Floor
Philadelphia, PA 19102
munshi@consolelaw.com
215-545-7676
215-814-8920 (fax)

Attorneys for Plaintiff,
Charles F. Watson

# EXHIBIT 1

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

## **COMPLAINT**

---

|  |  |  |
|---|---|---|
| COMPLAINANT: | : | |
| **CHARLES F. WATSON** | : | Docket No. |
| v. | : | |
| RESPONDENT: | : | |
| **LOCKHEED MARTIN CORPORATION** | : | |

---

1.   The Complainant herein is:

   Name:   Charles F. Watson

   Address:   **REDACTED**

2.   The Respondent herein is:

   Name:   Lockheed Martin Corporation

   Address:   230 Mall Blvd
   King of Prussia, PA 19406

3.   I, Charles F. Watson, the Complainant herein, allege that I was subjected to unlawful

discrimination because of my age (54), as set forth below:

### **Discrimination**

   **A.  I specifically allege:**

   [1]   I was hired by Respondent on or about July 21, 1986.  I had over thirty-

two (32) years of service at Respondent.

[2]     I consistently performed my job duties in a highly competent manner, and received positive feedback.

[3]     I last held the position of Office Planner Senior (level 3).  I held this position for twenty-two (22) years.

[4]     I last reported to John Keevill (55[1]), Multi-Functional Facilities Manager. Keevill reports to Megan Rogers (50), Senior Manager Northeast Facility Operations & Services.

[5]     I began reporting to Keevill (55) in or about April 2018.

[6]     I began indirectly reporting to Rogers (50) in or about June 2015.

[7]     Neither Keevill (55) nor Rogers (50) had any role in my being hired by Respondent.

[8]     In or about April 2019, I was notified by Rogers (50) that my position would be posted as an open position as part of Respondent's organizational changes in the Northeast Space Planning organization.  I was instructed to reapply for my position, or other open positions, if I wanted to remain employed with Respondent.

[9]     On or about May 7, 2019, Respondent posted my position.

[10]     On or about May 13, 2019, I applied for my posted position, Office Planner Senior (level 3), and for the posted Office Planner Staff (PA) (level 4) position.  I was qualified for both positions.

[11]     On or about June 3, 2019, I was interviewed for the two (2) positions for which I had applied and was qualified, by Keevill (55) and Brett Krause (45), Project Management and Engineering Manager.

_____

[1] All ages herein are approximations.

[12]     On or about June 25, 2019, I learned that Respondent selected Matthew Doorey (45) for my position, Office Planner Senior (level 3). I was more qualified and experienced to perform the position than the substantially younger employee who Respondent selected.

[13]     Respondent provided me with no explanation, including the selection criteria, as to why I was denied the position of Office Planner Senior (level 3) and the substantially younger employee was selected.

[14]     Respondent failed to select me for the Office Planner Senior (level 3) position because of my age.

[15]     On or about June 27, 2019, in a meeting with Keevill (55) and Laura Novak (35), Human Resources Business Partner - Operations, I was notified that I was not selected for either of the positions I had applied for, and that I would be terminated effective July 11, 2019. Respondent's stated reason for my termination was a reduction in force. I stated that I had twenty-two (22) years of experience in my position, and asked for the qualifications of my replacement, Doorey (45). Keevill (55) told me that just because I am in the position for that many years does not mean that I am qualified for the position.

[16]     Respondent's stated reason for my termination is a pretext for age discrimination.

[17]     Respondent terminated my employment because of my age.

[18]     Instead of selecting me, Respondent selected an external candidate, Rosemary Pot (45), for the Office Planner Staff (PA) (level 4) position. I was more qualified and experienced to perform the position than the substantially younger employee who Respondent selected.

[19]     Respondent provided me with no explanation, including the selection criteria, as to why I was denied the position and the substantially younger employee was selected.

[20]     Respondent failed to select me for the Office Planner Staff (PA) (level 4) position because of my age.

[21]     On or about July 1, 2019, I applied for the Property Administrator Senior position.  I was qualified for the position.  I received no response from Respondent regarding my application.

[22]     Respondent failed to select me for the Property Administrator Senior position because of my age.

[23]     On or about July 2, 2019, I filed an internal age discrimination complaint with Respondent's EEO department.  I was told by the EEO department investigator that any findings "would not likely change the actions taken up to this point."  I received no conclusion regarding my age discrimination complaint.

[24]     On July 11, 2019, I was terminated from my employment with Respondent.

[25]     Respondent terminated my employment because of my age.

[26]     Respondent did not offer me another position in lieu of termination.

[27]     Respondent provided me with no explanation, including the selection criteria, as to why I was terminated and substantially younger employees were retained.

[28]     Respondent violated the Older Workers Benefit Protection Act ("OWBPA") in that it did not provide information as required by the ADEA, as amended by the

OWBPA, including, without limitation: information on the eligibility factors for the termination program and the time limits applicable to such program.

[29]     According to the OWBPA listing provided by Respondent, Respondent retained at least two (2) substantially younger employees in positions I was qualified or more qualified for: in the position of Office Planner (level 2), Respondent retained an employee age thirty-four (34); in the position of Office Planner Senior (level 3), Respondent retained an employee age forty-four (44).

[30]     According to the OWBPA listing provided by Respondent, all eight (8) employees that Respondent terminated in the Decisional Unit, including myself, are above the age of fifty (50), and four (4) of them are age sixty (60) and above.

[31]     According to the OWBPA listing provided by Respondent, the average age of all employees in the Decisional Unit that Respondent selected for termination, when I was terminated, is fifty-nine (59).

[32]     According to the OWBPA listing provided by Respondent, the average age of all employees that Respondent retained in the Decisional Unit and did not select for termination, when I was terminated, is forty-six (46).

[33]     Respondent has a pattern and practice of age discrimination, including, and in addition to that which is set forth above, but not limited to, the following instances:

I.     At the same time as I was terminated, Respondent terminated my co-worker, Tracy Ronkainen (58), Office Planner Senior Staff (level 5). Respondent replaced her with a substantially younger employee, Kevin Weidman (40).

II.     Rogers (50) recently terminated at least two (2) other employees over the age of fifty (50): Ray Nocella (60), Facilities Engineering Senior Manager; and Kevin Reilly (55), Facilities Manager.

III.     Rogers (50) recently demoted Bill Hamilla (60), Planning Manager, from his management position to a Facilities Engineer position. Respondent assigned a

portion of his Planning Manager job duties to Jeffrey Gillum (45), a substantially younger employee.

[34]      **I bring this Complaint as a class and pattern and practice Complaint on behalf of myself and any and all current employees of Respondent who are age forty (40) and over, and who have been discriminated against based on age in connection with failure to be selected into open positions and/or termination.**

**B.** Based on the aforementioned, I allege that Respondent has discriminated against me because of my age (54), in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* (''ADEA''), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* (''PHRA'').

4.      The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

   **X**      **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s):   (a)**

   \_\_\_\_      Section 5.1 Subsection(s) _____

   \_\_\_\_      Section 5.2 Subsection(s) _____

   \_\_\_\_      Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961, P.L. 766, as amended) Section 4 Subsection(s) _____

5.      Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

   **X**      **This charge will be referred to the EEOC for the purpose of dual filing.**

6.     The Complainant prays that Respondents be required to:

(a) Make the Complainant whole.

(b) Eliminate all unlawful discriminatory practice(s) and procedure(s).

(c) Remedy the discriminatory effect of past practice(s) and procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

(e) Provide such further relief as the Commission deems necessary and appropriate.

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

8/21/19
(Date Signed)

(Signature)   Charles F. Watson

REDACTED

# EXHIBIT 2

EEOC Form 161-B (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: **Charles F. Watson** | From: **Philadelphia District Office** |
|---|---|
| ▉ REDACTED ▉ | **801 Market Street** |
| | **Suite 1000** |
| | **Philadelphia, PA 19107** |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| | **Kurt Jung** | |
| **17F-2020-60581** | **State, Local & Tribal Program Manager** | **(267) 589-9749** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☐ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Jamie R. Williamson*                                    **03/03/2021**
_____          _____
Enclosures(s)                    **Jamie R. Williamson**              *(Date Issued)*
                          **District Director**

cc:    **LOCKHEED MARTIN CORPORATION**

**Rahul Munshi, Esq.**                          Henry J. Ford, Jr., Esq.
**Console Mattiacci Law**                     Morgan, Lewis & Bockius LLP
**1525 Locust Street, 9th Floor**           1701 Market Street
**Philadelphia, PA 19102**                   Philadelphia, PA 19103-2921
munshi@consolelaw.com                    henry.ford@morganlewis.com
buccieri@consolelaw.com

Enclosure with EEOC
Form 161-B (11/2020)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *issued* to you (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

## PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

## ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

## ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**.  (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*